# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRANDON FAVOR,<br><br>          Plaintiff,<br><br>     v.<br><br>MAGANA,<br><br>          Defendant. | Case No. 1:15-cv-01023-JLT (PC)<br><br>**ORDER TO PLAINTIFF TO SHOW CAUSE WHY THIS ACTION SHOULD NOT BE DISMISSED FOR FAILING TO EXHAUST HIS ADMINISTRATIVE REMEDIES**<br><br>**(Doc. 1)** |

Plaintiff, Brandon Favor, is a state prisoner proceeding *pro se* and *in forma pauperis* with a civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff filed this action on July 6, 2015. (Doc. 1.)

Pursuant to the Prison Litigation Reform Act of 1995, "[n]o action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Prisoners are required to exhaust the available administrative remedies prior to filing suit. *Jones v. Bock*, 549 U.S. 199, 211, 127 S.Ct. 910 (2007); *McKinney v. Carey*, 311 F.3d 1198, 1199-1201 (9th Cir. 2002). Exhaustion is required regardless of the relief sought by the prisoner and regardless of the relief offered by the process. *Booth v. Churner*, 532 U.S. 731, 741 (2001). The exhaustion requirement applies to all suits relating to prison life. *Porter v. Nussle*, 435 U.S. 516 (2002).

1     In the Complaint, though Plaintiff checked the boxes indicating that there is a grievance procedure at the institution of his confinement and that he presented the facts in his complaint for review through a grievance, he also checked the box indicating that the process to exhaust administrated remedies is not completed. (Doc. 1, Comp., p. 2.) Plaintiff explains his response that the process is not completed by stating: "I need to not have to property disposed or [illegible]. I here filed a CDCR 22 to A. Magana explaining my circumstances, condition 1 yr on 18 month SHU term for Battery Against A Peace Officer, San Diego County District Attorney requested prosecution after 6 months, NOTWITHSTANDING EVIDENCE, Petitioner is still under review. Third Level Appeals Sacramento." (*Id.*) This statement is unclear at best and certainly does not provide explanation and/or an exception for filing suit prior to completing the administrative exhaustion process. Thus, it appears Plaintiff filed suit prematurely without first exhausting in compliance with section 1997e(a). *Wyatt v. Terhune*, 315 F.3d 1108, 1120 (9th Cir. 2003) ("A prisoner's concession to nonexhaustion is a valid ground for dismissal. . . .").

    Further, "proper exhaustion of administrative remedies is necessary" and the exhaustion requirement may not be satisfied "by filing an untimely or otherwise procedurally defective . . . appeal." *Woodford v. Ngo*, 548 U.S. 81, 83-84, 126 S.Ct. 2378 (2006). "Proper exhaustion demands compliance with an agency's deadlines and other critical procedural rules. . . ." *Id.* at 90. Plaintiff's pleading fails to show that he completed the administrative exhaustion process on the claims in this action *before* he filed suit. This error is fatal to this action.

    Accordingly, **within 30 days** Plaintiff is ORDERED to show cause in writing why this action should not be dismissed, for his failure to exhaust administrative remedies prior to filing suit.

IT IS SO ORDERED.

   Dated:   **August 11, 2015**              /s/ Jennifer L. Thurston
                                                                UNITED STATES MAGISTRATE JUDGE