# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FAVOR,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>MAGANA, et al.,<br><br>　　　　Defendants. | 1:15-cv-01023-LJO-JLT (PC)<br><br>**FINDINGS AND RECOMMENDATION TO DISMISS ACTION FOR FAILURE TO EXHAUST ADMINISTRATIVE REMEDIES PRIOR TO FILING SUIT and FOR FAILURE TO OBEY A COURT ORDER (Doc. 5)**<br><br>**30-DAY DEADLINE** |

　　　　Plaintiff is a prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983 that he filed on July 6, 2015. On August 11, 2015, the Court issued an order to Plaintiff to show cause within 30 days why this action should not be dismissed because of his failure to exhaust available administrative remedies as was apparent from the face of his Complaint. (Doc. 5.) More than 30 days have lapsed and Plaintiff has not filed a response to the order to show cause.[1] The Court warned Plaintiff that his failure to exhaust his administrative remedies prior to filing suit is fatal to an action under § 1983. (*Id.*)

　　　　The Local Rules, corresponding with Fed. R. Civ. P. 11, provide, "[f]ailure of counsel or of a party to comply with . . . any order of the Court may be grounds for the imposition by the Court of any and all sanctions . . . within the inherent power of the Court." Local Rule 110.

---

[1] No mail from directed to Plaintiff has been returned as unable to be delivered and/or forwarded.

1

"District courts have inherent power to control their dockets," and in exercising that power, a court may impose sanctions, including dismissal of an action. *Thompson v. Housing Authority of Los Angeles*, 782 F.2d 829, 831 (9th Cir. 1986). A court may dismiss an action with prejudice, based on a party's failure to prosecute an action or failure to obey a court order, or failure to comply with local rules. *See, e.g. Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to comply with an order requiring amendment of complaint); *Malone v. U.S. Postal Service*, 833 F.2d 128, 130 (9th Cir. 1987) (dismissal for failure to comply with a court order); *Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for failure to prosecute and to comply with local rules). The OSC ordered Plaintiff to respond within thirty (30) days. (Doc. 5.) More than thirty days have passed and Plaintiff has failed to respond to it in any way.

The Prison Litigation Reform Act of 1995 requires that "[n]o action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Prisoners are required to exhaust the available administrative remedies prior to filing suit. *Jones v. Bock*, 549 U.S. 199, 211, 127 S.Ct. 910 (2007); *McKinney v. Carey*, 311 F.3d 1198, 1199-1201 (9th Cir. 2002). Exhaustion is required regardless of the relief sought by the prisoner and regardless of the relief offered by the process. *Booth v. Churner*, 532 U.S. 731, 741 (2001). The exhaustion requirement applies to all suits relating to prison life. *Porter v. Nussle*, 435 U.S. 516 (2002).

Based on Plaintiff's failure to comply with or otherwise respond to the OSC, there is no alternative but to dismiss the action for his failure to respond to/obey a court order and to exhaust available administrative remedies prior to filing suit. Accordingly, it is HEREBY RECOMMENDED that this action be dismissed for Plaintiff's failure to obey a court order and to exhaust available administrative remedies prior to filing suit.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within 30 days after being served with these Findings and Recommendations, Plaintiff may file written

objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may result in the waiver of rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **September 28, 2015**                    **/s/ Jennifer L. Thurston**
                                                                           UNITED STATES MAGISTRATE JUDGE